UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN PRESBERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:04CV776 ERW |
| ) | (TIA) |
| TROY STEELE,[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the petition of Kevin Presberry for a writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

### Procedural History

Petitioner is currently incarcerated at the Southeast Correctional Center located in Charleston, Missouri. On October 10, 1997, Petitioner received a suspended imposition of sentence and was placed on 5 years probation after pleading guilty to Robbery in the Second Degree. (Petition, p. 1; Resp. Exh. A, pp. 23-24) On June 28, 2001, the Circuit Court of St. Louis County revoked Petitioner's probation and sentenced him to 15 years imprisonment. (Petition, p. 1; Resp. Exh. A, p. 24) Petitioner did not file a direct appeal. On October 3, 2001, Petitioner filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Missouri Supreme Court Rule 24.035. (Resp. Exh. A, pp. 3-8) On July 15, 2002, the motion court denied Petitioner's motion for

---

[1] This case was originally brought against Chuck Dwyer, who is no longer the Superintendent of the Southeast Correctional Center (SCC) where Petitioner is confined. Because Troy Steele is now the Superintendent of SCC, the caption will reflect his name as the proper party respondent. 28 U.S.C. § 2254, Rule 2(a).

post-conviction relief. Petitioner appealed the motion court's decision, and on June 30, 2003, the Missouri Court of Appeals affirmed. Presberry v. State, 109 S.W.3d 223 (E.D. Mo. 2003). The court issued its Mandate on July 30, 2003. (Resp. Exh. B, p. 5) Petitioner then filed the instant petition in federal court on June 23, 2004, with a postmark date of June 21, 2004, and a signature date of June 10, 2004. In the petition, Petitioner raises 2 grounds for habeas relief:

(1) The motion court erred in denying Petitioner's Rule 24.035 motion without an evidentiary hearing because his attorney failed to advise him of the maximum range of punishment if his probation was revoked; and

(2) The motion court erred in denying Petitioner's Rule 24.035 motion without an evidentiary hearing because his attorney failed to investigate the alleged victim.

## **Discussion**

In response to the habeas petition, Respondent maintains that the petition should be dismissed because it is untimely. The undersigned agrees that the petition was not timely filed and should be dismissed accordingly.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, Congress imposed a one-year limitations period for filing habeas petitions. 28 U.S.C. § 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1)(A).

The record shows that petitioner was sentenced on June 28, 2001. Petitioner had 10 days to

file a notice of appeal under Missouri Supreme Court Rule 30.01(d), but he failed to do so. Thus, the judgment became final and the statute of limitations under the AEDPA began to run on July 8, 2001. See Thomas v. McGuire, No. 4:06CV1313MLM, 2007 WL 1531319, at *5 (E.D. Mo. May 22, 2007) (finding that the judgment became final 10 days after entry of sentence where the petitioner failed to file a notice of appeal).

However, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Such state post-conviction motion tolls the statute of limitations until the Missouri Court of Appeals issues its Mandate. Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir. 2007).

In the instant case, Petitioner filed a Rule 24.035 motion on October 3, 2001, and the Missouri Court of Appeals issued its Mandate affirming the denial of post-conviction relief on July 30, 2003. The statute of limitations was tolled during this period. However, this tolling period does not help Petitioner. The limitations period ran for 86 days between July 8, 2001, the expiration of time for seeking direct review, and October 3, 2001, the date Petitioner filed his motion for post-conviction relief. Thus, Petitioner had 279 days remaining in which to file a timely petition for a writ of habeas corpus in federal court, or until May 4, 2004. See, e.g., Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir. 2007) (noting that the petitioner's one-year statute of limitations began to run for 2 days but was tolled during the post-conviction proceedings, leaving 363 of additional days to file a federal habeas petition). However, Petitioner did not file the petition until June 21, 2004, 359 days after the

tolling period ended and the limitations period once more started to run.[2]  The petition is therefore untimely and should be dismissed under 28 U.S.C. § 2244(d)(1)(A).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Kevin Presberry for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to timely file objections may result in a waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                          /s/ Terry I. Adelman
                                  UNITED STATES MAGISTRATE JUDGE

Dated this  16th  day of July, 2007.

---

[2]  The "prison mailbox rule" provides for habeas petitions to be effectively filed the date upon which the petition is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc).  Although Petitioner signed his Petition on June 10, 2004, the record shows that the envelope is postmarked June 21, 2004, indicating that he deposited the petition in the prison mail system at that time. (Petition, Attachment #2) Therefore, the undersigned will use June 21, 2004 as the date upon which Petitioner delivered the petition to prison authorities for mailing.  See Sulik v. Taney County, Missouri, 316 F.3d 813, 814 (8th Cir. 2003) (relying on postmark date as date deposited in prison mail system).  It is worth noting, however, that even if the Court deemed June 10, 2004, the date Petitioner signed the petition, as the filing date, the petition is still untimely.  See United States v. Duke, 50 F.3d 571, 575 (8th Cir. 1995) (relying on signed certificates of service with typewritten dates), cited approvingly in McCarter v. Bowersox, 187 F.3d 642 (8th Cir. 1999) (per curiam) (table).  Petitioner had 279 days left to file a timely petition, yet he signed the document 348 days after the Rule 24.035 mandate.